UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Crossroads Family Farms | ) | Case No.  18-06554-JMC-11 |
| Equipment, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**CROSSROADS FAMILY FARMS EQUIPMENT, LLC'S
<u>PLAN OF REORGANIZATION</u>**

Crossroads Family Farms Equipment, LLC, Debtor and Debtor-in-Possession ("Debtor" or "Crossroads Equipment"), hereby submits its Plan of Reorganization ("Plan"), pursuant to Chapter 11 of the United State Bankruptcy Code.

**ARTICLE I
<u>DEFINITIONS</u>**

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meanings:

**"Administrative Expense Claim"** shall mean any Allowed Claim which is a costs or expense of administration which is incurred by the Debtor on or before the Effective Date in connection with the Chapter 11 case which has priority in accordance with §§503(b), 330 or 507(a)(1) of the Code, including, but not limited to, the actual and necessary costs and expenses of operating the Debtor's business, all allowances for compensation or reimbursement of fees and expenses owing to the United States Trustee's Office through the date the case is closed, dismissed or converted.

**"Allowed Claim"** shall mean any undisputed, liquidated, and non-contingent claim, the amount of which was properly listed in the Debtor's Schedules, or any Proof of Claim, which was timely filed prior to the date with the Clerk of the Court, and as to the which claim no written objection to the allowance thereof has been interposed within the period of time fixed by the Code or by a final order of the court, as to which claim an objection has resulted in the allowance of a claim, in whole or in part, by a final order of the court.

**"Allowed Secured Claim"** shall mean an allowed claim which is secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to set off under §535 of the Code, to the extent of the value of such secured claim as determined in accordance with §506(a) of the Code, which may be reduced by such amounts as may be determined by the

1

court, after notice and a hearing, to be the reasonable and necessary costs and expenses of preserving and disposing of such asset pursuant to §506(c) of the Code.

       **"Allowed Interest"** shall mean an interest in the Debtor to the extent that such interest is listed as such in the Schedule or Statement of Financial Affairs of Debtor on the Confirmation Date; <u>provided however</u>, that a timely filed proof of interest shall supersede any such listing and, in either case, an interest as to which no written objection to the allowance thereof has been interposed within the time period fixed by the Code or by a final order of the court, or as to which interest and objection to the interest has resulted in the allowance of an interest, in whole or in part, by final order of the court.

       **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure as in effect at the time of this proceeding.

       **"Bar Date"** shall mean the last day for filing claims in this proceeding as fixed by the Court.

       **"Causes of Action"** shall mean all accounts, contract rights, general intangibles and all rights, claims and causes of action of any kind, whether legal or equitable, of the Debtor for affirmative recovery of cash or other property of the estate (whether such causes are the subject of presently pending lawsuits, adversary proceedings or appeals, or otherwise) which have accrued before the Confirmation Date or may thereafter accrue, whether from matters that occurred prior or after the Confirmation Date, including but not limited to any rights or claims under §510 and §§544 through 550 of the Code, and any state law rights or claims belonging to the Debtor.

       **"Chapter 11 Petition"** shall mean Crossroads Equipment's petition filed on August 24, 2018.

       **"Claim"** shall mean any claim as defined by §101(5) of the Code and any other debt or obligation of whatever character of the Debtor through the Petition Date.

       **"Claimant"** shall mean any holder of a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of a kind specified in §502(g), §502(h) or §502(i) of the Code.

       **"Class"** shall mean a category of substantially similar claims or interests.

       **"Code"** shall mean Title 11 of the United State Code, 11 U.S.C. §101 *et seq.*, and any amendments thereto.

**"Confirmation Date"** or **"Date of Confirmation"** shall mean the date upon which the Confirmation Order is entered by the court and becomes a final order.

**"Confirmation Order"** shall mean the Final Order entered by the court confirming the Plan.

**"Court"** shall mean the United State Bankruptcy Court for the Southern District of Indiana, Indianapolis Division, including any bankruptcy judge thereof, and any court having competent jurisdiction to review orders of, or to hear appeals from the bankruptcy judge(s) thereof.

**"Crossroads Equipment"** shall mean Crossroads Family Farms Equipment, LLC, the debtor under case number 18-06554-JMC-11, which is jointly administered other related debtors under case number 18-06250-JMC-11.

**"Debtor"** shall mean Crossroads Family Farms, GP d/b/a Crossroads Family Farms Equipment, LLC, Debtor and Debtor-in-Possession.

**"Debtors' Assets"** shall mean all property of the Debtors' estates as defined by §541(a) of the Code, including but not limited to all rights, claims and interests of the Debtors in any real or personal property, together with all tangible or intangible property of any kind or nature, including all insurance policies and any proceeds thereof.

**"Deficiency Claim"** shall mean an Allowed Claim against the Debtor equal to the amount by which the aggregate claim exceeds the sum of any set off rights of the holder against Debtor, plus the net proceeds realized from the disposition of the collateral securing such claim or, if such collateral is not liquidated to cash, the value of the interest of the holder in Debtor's interest in the collateral securing such claim; provided, however, that if the holder of such claim makes the election provided in §1111(b) of the Code, or such claim is a non-recourse claim or obligation, there shall be no deficiency claim with respect to such claim.

**"Disclosure Statement"** shall mean the Disclosure Statement information filed contemporaneously with this Plan, including any modification, amendments, corrections or supplements.

**"Disputed Claim"** shall mean a claim as to which written objection to the allowance or classification thereof, in whole or in part, has been timely filed by any party in interest and as to which no final order or judgment sustaining such objection or allowing or disallowing such claim, in whole or in part, has been entered by the Court.

**"Effective Date"** shall be the date on which the Confirmation Order becomes a Final Order.

3

**"Final Order"** shall mean an order or judgment of the Court as to which the time to appeal, petition or certiorari, or seek reargument or rehearing has expired and as to which no appeal, reargument, certiorari petition, or rehearing is pending, or if an appeal, reargument, certiorari or rehearing thereof has been sought, the order of the Court has been affirmed by the highest court to which the order was appealed or from which the reargument or rehearing was sought, or certiorari has been denied, or the appeal is dismissed or rendered moot, and the time to take any further appeal or to seek certiorari or further reargument or rehearing has expired.

**"IDR"** shall mean the State of Indiana, by its Indiana Department of Revenue.

**"Interests"** shall mean the legal, equitable and contractual rights of Debtor.

**"IRS"** shall mean the United State of America, by its Internal Revenue Service.

**"Paid in Full" or "Pay in Full"** shall mean, with respect to an Allowed Claim, either the payment of the principal balance and all interest accrued on that principal balance prior to the Petition Date, or the payment of an Allowed Claim in accordance with an agreement entered into between the Debtors and holder prior to the Petition Date or the satisfaction and release of an Allowed Claim by any other means.

**"Persons"** shall have the meaning set forth in §101(41) of the Bankruptcy Code.

**"Petition Date"** shall mean August 24, 2018, the date the Debtor filed its Voluntary Chapter 11 Petition for Relief.

**"Plan"** shall mean this Plan of Reorganization, including any modifications, amendments, corrections or supplements.

**"Priority Claim"** shall mean an allowed unsecured claim entitled to priority under §§507(a)(5), 507(a)(6), 507(7), or 507(a)(8) of the Code.

**"Professionals"** shall mean the Professional people and firms hired by the estate to represent the Debtors, including their counsel and accountants.

**"Reorganized Debtor"** shall mean the Debtor post-confirmation.

**"Rules"** shall mean all rules applicable to or adopted by the Court, including but not limited to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Court.

**"Unsecured Claims"** shall mean any allowed claim which is not a secured claim, priority claim, or tax claim, including but not limited to any claim arising under any executor contract or unexpired lease which has been rejected, any deficiency claim, any claim of a general trade creditor, any claim for unpaid wages or benefits (including claims for vacation, sick and holiday pay) to the extent not entitled to be priority claim and any other obligation, liability or claim of any kind or nature held against the Debtors which was incurred on or before the Confirmation Date.

[*the balance of this page intentionally left blank*]

## ARTICLE II
## THE PLAN

**Classes of Claims Under the Plan**.  Claims are classified in the Plan based on the distinct legal rights attributable to each class, and the distinct business interests of the member of each class. The classes of the claims treated under the Plan are as follows:

1.    Class 1 Administrative Claims
2.    Class 2 Claims of Government Units
3.    Class 3 Secured Claims of First Financial Bank
4.    Class 4 Unsecured Non-Priority Claims
5.    Class 5 FFB Deficiency Claim
6.    Class 6 Shareholders

## Treatment of Claims Under the Plan

Class 1:    Administrative Claims.  Normal budgeted expenses of the Debtor will be paid in the ordinary course of business.  Administrative expense claims shall be paid in full within 30 days of being incurred or court approval. Administrative expense claims include, but are not limited to, the compensation for services rendered and disbursements incurred by Professionals whose retention has been approved by the Court, in connection with services performed in this Chapter 11 case.  The Debtor paid a retainer to certain Professionals, all of whom may seek interim approval for fees prior to confirmation of the Plan.

Payment to Professionals for compensation and reimbursement of expenses will be made in accordance with the procedures provided for in the Code and in any order of the Court relating to the payment of interim and final compensation and expenses.  The Court will review and determine all requests for compensation and reimbursement of expenses.

Class 2:    Claims of Governmental Units.  Class 2 consists of the Allowed Claims of governmental units entitled to priority treatment pursuant to 11 U.S.C. §507(a)(8).

a.    Internal Revenue Service.
The IRS has asserted a non-priority claim in this case totaling $21,922.14, which is based on estimates.  The Debtor is preparing its tax returns and shall provide the same to the IRS, which shall allow the IRS to amend its claim.  Once the IRS amends its claim, then the IRS shall be entitled to an allowed non-priority claim to be paid in accordance with Class 4 below.

The Debtor shall remain current with all of its post confirmation federal tax obligations during the period it is making the payments

required under this Plan.  A failure to make post confirmation tax deposits and payments in a timely fashion, as required by the IRS, shall be deemed a default under the terms of this Plan.

b.      Indiana Department of Revenue
The IDR has file a non-priority claim in this case totaling $250.00.  The IDR shall be entitled to an allowed non-priority claim in that amount to be paid in accordance with class 4 below.

The Debtor shall remain current with all of its post confirmation state tax obligations during the period it is making the payments required under this Plan.  A failure to make post-confirmation tax deposits and payments in a timely fashion, as required by the IDR, shall be deemed a default under the terms of this Plan.

Class 3:      Secured Claims of First Financial Bank.  Class 3 shall consist of First Financial Bank's ("FFB") claims entitled to secured treatment pursuant to 11 U.S.C. §506.

FFB is owed approximately $7,000,000.00 as of the Petition Date (the "Indebtedness").  FFB has properly perfected liens against the Debtor's farm equipment, which is worth approximately $130,000.00.  FFB shall be entitled to an allowed secured claim of $130,000.00 (the "Allowed Secured Claim").  The Allowed Secured Claim shall be amortized over five (5) years and shall accrue interest at five percent (5%) commencing on the month following the Confirmation Date or allowance of the claim, whichever is later, resulting in annual payments of $30,026.72.  The first payment to FFB under the Allowed Secured Claim shall commence on March 1, 2020, and continue annually thereafter on March 1st of each year until March 1, 2024, at which time the Allowed Secured Claim shall be satisfied in full.  The Debtor shall be entitled to a thirty (30) day grace period regarding the payments due to FFB under its Allowed Secured Claim.  FFB shall also be entitled to an unsecured deficiency claim to be paid in accordance with Class 5 below.

FFB's underlying loan documents, security agreements, and financing statements are incorporated herein by reference.  Except as modified herein, all of the foregoing remain in full force and effect.

Class 4:      Unsecured Non-Priority Claims.  Class 4 shall consist of the allowed unsecured non-priority claims, including either deficiencies or stripped lien claims of those claimants asserting secured status.

The unsecured claims in this class and Class 5 total approximately $3,754,000.00 amongst four (4) claimants (this amount does not include amounts owed to insiders, and this amount estimates FFB's unsecured claim at $3,500,000.00). The unsecured creditors in this class and Class 5 shall receive a pro-

rata share from the aggregate amount of $25,000.00 to be paid in equal annual installments of $5,000.00 commencing on March 15, 2020, and continuing annually thereafter on March 15th of each year for an additional four years at which time the claims shall be satisfied in full.  Debtor estimates that unsecured creditors will receive a distribution of approximately 1% under this plan.

Class 5:      FFB Deficiency Claim.  Class 5 shall consist of FFB's allowed general unsecured deficiency claim.  The amount of FFB's allowed unsecured claim shall be determined by reducing the Indebtedness by the Allowed Secured Claim and by any real estate or other proceeds FFB receives or will receive from other related debtors.  FFB shall receive a pro-rata distribution in accordance with Class 4 above.

Class 6:      Shareholders.  Brad Stephenson, Stacey Stephenson, Todd Stephenson, and Christina Stephenson (collectively, the "Stephensons") shall retain their interests in Debtor.  The claims of the Stephensons shall be, and hereby are, subordinated to payment of the Class 4 claim holders as identified above.

## Impairment and Voting

Class 1:      Administrative Claims.  Class 1 is impaired by the Plan, and Class 1 is entitled to vote to accept or reject the Plan.

Class 2:      Claims of Governmental Units.  Class 2 is impaired by the Plan, and Class 2 is entitled to vote to accept or reject the Plan.

Class 3:      Secured Claim of First Financial Bank.  Class 3 is impaired by the Plan, and Class 3 is entitled to vote to accept or reject the Plan.

Class 4:      Unsecured Non-Priority Claims.  Class 4 is impaired by the Plan, and Class 4 is entitled to vote to accept or reject the Plan.

Class 5:      FFB Deficiency Claim.  Class 5 is impaired by the Plan, and Class 5 is entitled to vote to accept or reject the Plan.

Class 6:      Shareholders.  Class 6 is not entitled to vote to accept or reject the Plan.

## ARTICLE III
## MEANS FOR EXECUTION OF PLAN

The Plan is proposed by Crossroads Family Farms, Inc. continuing to operate the farm operation located in Hancock County, Indiana.  That entity shall pay rents to the Debtor for use of its equipment so that the Debtor can make the payments

required under this Plan.  A rental agreement shall be executed to memorialize this agreement.

## ARTICLE IV
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Effective as of the Confirmation Date, with the exception of contracts listed below, the Debtor hereby rejects any and all executory contracts and unexpired leases which have not been previously or hereby been assumed or rejected herein. Any person or entity injured by such rejection shall be deemed to hold a General Unsecured Claim against the Debtor and shall be treated in accordance with Unsecured Claims of Class 4.  Such persons shall file a proof of claim for any damages resulting there from, or be forever barred from asserting any Claim, within ten (10) days following the Confirmation Date.  The Debtor and all parties in interest reserve the right to object to any Claim asserted under this section.

The Debtor reserves the right to apply to the Bankruptcy Court at any time prior to the Confirmation Date to reject any and all executory contracts or expired leases.

## ARTICLE V
## REQUEST FOR CONFIRMATION UNDER SECTION 1129(B)

If all of the applicable requirements of §1129(a), other than §1129(a)(8) relating to an impaired class, are met with respect to the Plan, the Debtor requests that the Court find that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under and has not accepted the Plan.

## ARTICLE VI
## MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation by notice to the creditors.  After confirmation, the proponent may, with the approval of the Court, and as long as it does not materially or adversely affect the interests of creditors, remedy any defect or omissions, or reconcile any inconsistency in the Plan or any order of confirmation, in such manner as may be necessary to carry out the purposes and effect of this Plan.

## ARTICLE VII
## RETENTION OF JURISDICTION

The Court shall retain exclusive jurisdiction of these proceedings after the Confirmation Date until the later of the consummation date or closing of this case. Without intending to limit the generality of the foregoing, the Court shall have exclusive jurisdiction:

a.  To determine any and all objections to the allowance, extent, priority or nature of claims, the amount and proper classification of the claim of any holder and the determination of such objections as may be filed to any claims.

b.  To determine any and all applications for compensation and reimbursement pursuant to §330 of the Code.

c.  To determine any and all applications for sale, transfer, disposition or abandonment of any of the Debtor's assets.

d.  To determine any and all applications for the assumption or rejection of executory contracts and unexpired leases, and the allowance of claims resulting from rejection thereof.

e.  To determine any and all applications, adversary proceedings and litigated matters that may be filed in this Court.

f.  To interpret, enter Final Orders relating to, and otherwise act upon or in regard to the terms and provisions of the Plan.

g.  To cause the correction of any defect, the curing of any omission or the reconciliation of any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

h.  To consider the modification of this Plan after the Confirmation Date as allowed pursuant to the Rules and the Code.

i.  Except as otherwise provided in the Plan, to make any determinations and to issue any Final Orders to enforce, interpret or effectuate the Plan.

j.  To determine all questions and disputes regarding title to the Debtor's Assets, and determination of all Causes of Action, controversies, disputes, or conflicts, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other person, including but not limited to, any rights of the Debtor to recover assets pursuant to the provisions of the Code or applicable state or federal law.

k.      To enter a Final Order concluding and terminating this case.

l.      To determine such other matters as may be provided for in the Confirmation Order.


## ARTICLE VIII
## RESERVATION OF RIGHTS

Notwithstanding the confirmation of this Plan of Reorganization, the Reorganized Debtor shall retain and remain in possession after confirmation of this Plan of all causes of action as they may have under the Code, and the Reorganized Debtor shall be authorized to prosecute such actions as fully and completely as if the same were being prosecuted by a Trustee in bankruptcy.

Upon confirmation, the Reorganized Debtor shall be re-vested with its rights, subject only to outstanding liens created and/or recognized by this Plan, and shall be entitled to manage their affairs without further order of this Court.


## ARTICLE IX
## MISCELLANEOUS PROVISIONS

**Headings**.  The headings in this Plan have been used for convenience and reference only and do not constitute a part of the Plan or affect any of its provisions.

**Severability**.  Should any provision of the Plan be determined to be unenforceable, such determination shall in no way affect the enforceability of any other provision of the Plan.

**Governing Law**.  Except to the extent that the Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of Indiana.

**Successors and Assigns**.  The rights and obligations of any individual or entity named in the Plan shall be binding upon and shall inure to the benefit of the successor and assigns of such individual or entity.

**Effect of Confirmation**.  Upon confirmation of the Plan, or any amendment hereto or modification hereof, creditors whose claims have treatment hereunder shall be barred from pursuing collection, taking action or otherwise attempting to enforce any rights against the Debtor except as specifically provided for herein.

**Payment of Quarterly Fees Pursuant to 28 U.S.C. §1930(a)(6)**.  All quarterly fees owing to the United State Trustee shall be paid by the Debtors within

11

ten (10) days of the entry of the order of confirmation or the effective date of the Plan, as required by §1129(a)(12) of the Bankruptcy Code, and the payment of quarterly fees shall be made until the case is closed by order of the Court.  The Debtors, or the Reorganized Debtors, shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6).  After confirmation, Debtors shall submit to the United States Trustee a statement of all disbursements made during the course of each calendar quarter, whether or not pursuant to the Plan.


Date:    March 18, 2019


                                         Crossroads Family Farms Equipment, LLC

                                             */s/Brad Stephenson*
                                          Brad Stephenson, Member


Hester Baker Krebs LLC


*/s/Jeffrey M. Hester*
Jeffrey M. Hester
John J. Allman
Hester Baker Krebs LLC
One Indiana Square, Suite 1600
Indianapolis, Indiana 46204
(317) 833-3030
Email:  jhester@hbkfirm.com
Email:  jallman@hbkfirm.com